IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

RONNY RODRIGUEZ, an individual,

    Plaintiff,

v.

CREATIVE KITCHENS & COUNTERTOPS, LLC
d/b/a CKAKT, LLC, a Florida Limited Liability
Company and ALCIDES PARDO, Individually,

    Defendants.
_____/

**COMPLAINT**

COMES NOW, Plaintiff, RONNY RODRIGUEZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, CREATIVE KITCHENS & COUNTERTOPS, LLC d/b/A CKACT, LLC ("Defendant" or "CKACT") and ALCIDES PARDO ("Defendant" or "PARDO") (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This an action by the Plaintiff for damages for unpaid minimum and overtime wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), unpaid minimum wages under the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), and violations of Florida common law, to recover wages and redress damages to the Plaintiff by the Defendants for their unlawful actions described herein.

**JURISDICTION AND VENUE**

2. Plaintiff, at all times relevant hereto, was and currently is a resident and citizen of Hillsborough County, Florida.

1

3. Plaintiff worked for Defendants out of Defendants' Tampa, Florida locations during the relevant period of this action and within the statute of limitations applicable to the instant claims.

4. Defendant CREATIVE KITCHENS & COUNTERTOPS, LLC d/b/a CKACT, LLC is a Florida Limited Liability company with its principal places of business located in Hillsborough County, Florida.

5. Defendant ALCIDES PARDO, at all times relevant hereto, was and is a citizen of Florida.

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

7. This Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court as the acts and omissions giving rise to the causes of action alleged herein accrued in Hillsborough County, Florida, within the jurisdiction of this Honorable Court, where, at all times relevant, Plaintiff worked for Defendants.

## CONDITIONS PRECEDENT

10. Plaintiff has complied with all conditions precedent to bringing this action, if any, or such conditions have been waived.

## PARTIES and COVERAGE

11. The Plaintiff is *sui juris* and is a former employee of Defendants who, at all times relevant to this action, performed work for Defendants as an hourly paid production operator at Defendants' principal places of business during the relevant period of this action.

12. At times relevant hereto, Plaintiff was a covered employee under the FLSA and FMWA.

13. Defendant CKACT, at all times relevant hereto, was and is an enterprise engaged in interstate commerce.

14. Defendant PARDO, at all times relevant hereto, was and is a corporate officer and owner of, and exercised operational control over the activities of, Defendant CKACT.

15. Defendants, at all times material hereto, are and were employers, as defined by the FLSA and FMWA.

## GENERAL FACTUAL ALLEGATIONS

16. Plaintiff is *sui juris* and at all relevant times was and is a citizen and resident within Hillsborough County, Florida.

17. Plaintiff worked for Defendants as a production operator at two of its places of business in Hillsborough County during the relevant period of this action.

18. Corporate Defendant CKACT is an organization or enterprise engaged in interstate commerce with respect to its business and employees.

19. Individual Defendant PARDO, at all times material hereto, was and is a corporate officer and owner of corporate Defendant CKACT, having operational control over the business and Plaintiff's employment, acting directly in the interest of Defendant CKACT in relation to its employees, including the Plaintiff.

20. Plaintiff was employed by Defendants from on or about September 1, 2023 through December 29, 2023.

21. Defendants did not display a DEO poster in English and Spanish for the applicable minimum and overtime wage and hour laws in a conspicuous and accessible place at their places of business where Plaintiff worked during the period of Plaintiff's employment.

22. Throughout Plaintiff's employment with Defendants, Plaintiff performed his duties in an exemplary fashion and at or above satisfactory levels.

**Defendants' Overtime Violations**

23. At all times material hereto, Plaintiff was employed by Defendants as an hourly, FLSA non-exempt production operator, whose duties included operating woodworking and other machinery, monitoring machine outputs and adjusting settings as necessary, assembling products and parts used for Defednants' services, among others.

24. At all times material, Plaintiff and Defendants were engaged in an express agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided by, and not in violation of, the laws of the United States and the State of Florida.

25. Plaintiff's hourly rate of pay during his employment with Defendants was $21.00 per hour.

26. Plaintiff consistently worked in excess of forty (40) hours per week during each week of his employment with Defendants, on average working approximately forty-eight (48) hours per week.

27. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked in excess of forty (40) in a given work week.

28. Defendants, during the relevant period of this action, routinely and continuously failed to properly compensate Plaintiff for his hours worked in excess of forty (40) hours per week, only compensating Plaintiff at his regular rate of pay for all hours work and did not pay Plaintiff any of the additional half-time rate to which he was owed for his hours worked in excess of forty (40) each week.

29. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the laws of the State of Florida.

30. Defendants knew or should have known that Plaintiff was working overtime hours, and that federal and state law requires employees to be compensated at a rate of time and one-half their

regular hourly rate of pay for all hours worked in excess of forty (40) in a given workweek.

31. At all times material hereto, Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

### Defendants' Withholding of Plaintiff's Wages

32. In addition to the overtime violations alleged above, Defendants also knowingly and willfully withheld from Plaintiff the entirety of his final bi-weekly paycheck.

33. On December 29, 2023 at around 9:00 am, Plaintiff tendered his resignation in writing to Defendant PARDO and gave notice that he would continue working for the week starting on January 8, 2024, upon his return from preapproved vacation, to allow for a smooth transition by training a replacement on the performance of his job duties.

34. According to the employment agreement between Plaintiff and Defendant CKACT, when either the employee or employer gives notice of the employment relationship terminating for any reason, "the Employee and the Employer agree to execute their duties and obligations under this Agreement diligently and in good faith through to the end of the notice period. The Employer may not make any changes to compensation or any other term or condition of this Agreement between the time termination notice is given through the end of the notice period."

35. Instead of accepting Plaintiff's resignation and allowing him to continue his employment through the notice period, at around 10:30 am the same day, Defendant PARDO, on behalf of CKACT, terminated Plaintiff's employment effective immediately, signing the termination letter as the company's CEO.

36. Not only did Defendants fail to permit Plaintiff to continue working through the notice period, they also expressly informed Plaintiff that "[t]he salary for the corresponding period

will be withheld until Ronny Rodriguez trains the personnel designated for the production area," further violating the above-referenced employment agreement, which provides that "upon the Termination Date the Employer will forthwith pay to the Employee any outstanding portion of the compensation including any accrued vacation and banked time, if any, calculated to the Termination Date."

37. Defendants unlawfully withheld Plaintiff's wages for work already performed, holding payment hostage until Plaintiff further performed work for Defendants, causing Plaintiff to be denied all minimum and overtime wages for the relevant bi-weekly pay period and was effectively made to work for free.

38. Plaintiff estimates that he worked approximately ninety (90) hours during the relevant pay period for which his wages were improperly withheld by Defendants, with about ten (10) of those hours being overtime hours.

**Retaliation Regarding Demand for Withheld Wages**

39. Defendant CKACT's employees, including Plaintiff, were to receive payment for their work from the previous pay period on or about January 1, 2024; however, true to Defendants' words, Plaintiff was not paid any of his wages for the preceding pay period.

40. On or about January 5, 2024, Plaintiff contacted Defendants via email to ask why his pay was being withheld and demanded his wages or else he would contact an appropriate authority to resolve the pay issues.

41. Within minutes of Plaintiff's email, Defendant PARDO called Plaintiff and began attacking him, threatening Plaintiff for demanding his wages; insulting him with offensive and demeaning remarks, including "poco hombre" (little man), "pajarito" (a pejorative slang term meant to suggest Plaintiff is homosexual and/or has small genitalia) and others; and telling

6

Plaintiff, regarding his demand for withheld wages, that Defendants would not pay, saying "no te voy a pagar y ve a donde tu quieres" (I am not going to pay you and go wherever you want).

42. Shortly after the above referenced phone call, Plaintiff sent another email to Defendants, copying other members of Defendant CKACT management, to memorialize the event and advise them of what happened.

43. About a week later, on or about January 13, 2024, Defendants sent Plaintiff an agreement for electronic signature whereby they agreed to pay him a portion of his wages, from which they would make an additional $600 in deductions, in exchange for Plaintiff waiving any legal actions against CKACT and/or PARDO.

44. Both the deductions to Plaintiff's hours worked, which also did not include any overtime wages, and the $600 deductions for gas and toll expenses already incurred were means of retaliating against the Plaintiff for engaging in protected activity by demanding his wages.

45. Plaintiff did not accept the unlawfully reduced payment of his wages.

46. Moreover, the deduction of the $600 previously given to Plaintiff was a separate breach of agreement, as Defendant CKACT had agreed that, "after submission of acceptable supporting documentation," it would "reimburse the Employee for all reasonable expenses …, including but not limited to, any travel … expenses incurred by the Employee in connection with the business of the Employer."

47. Plaintiff had also come to an agreement with PARDO, on behalf of the Defendants, to ensure reimbursement of his travel expenses, as Plaintiff's expenses for gas and tolls had increased due to Plaintiff being transferred on or about October 10, 2023, moving from Defendants' location on Adamo Drive, the contractually agreed upon work location, to Defendants'

location on Hillsborough Avenue, which was farther and more expensive to get to from Plaintiff's home. The $600 that Defendants were trying to force Plaintiff to remit was for expenses Plaintiff incurred and paid for prior and up to December 8, 2023.

48. Plaintiff incurred and paid for further gas and toll expenses in connection with Defendants' business through the remainder of his employment for which Defendants have not reimbursed him and remain owing.

49. Plaintiff has been financially harmed and injured by Defendants' improper practices with respect to his pay, as it resulted in Plaintiff being subjected to unfair and unlawful payment of wages.

50. Accordingly, Plaintiff seeks to recover his actual and liquidated damages, compensatory damages for emotional distress, punitive damages, as well as reasonable attorneys' fees and costs.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
*Against CREATIVE KITCHENS & COUNTERTOPS, LLC d/b/a CKACT, LLC*

51. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-50 above.

52. This action is brought by the Plaintiff to recover from Defendant CKACT unpaid minimum and overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201, *et seq*.

53. At all relevant times, Plaintiff was a non-exempt employee of Defendant CKACT as defined by the FLSA.

54. At all times material hereto, Defendant was and continues to be an employer within the meaning

of the FLSA.

55. At all times relevant to this action, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

56. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with other corporate entities which are as of yet unknown but can/will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of individual Defendant PARDO, and for common business purposes related to the work performed by Plaintiff for the corporate Defendant.

57. By reason of the foregoing, the Defendant is and was, during all times relevant and hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

58. By failing to pay minimum and/or overtime wages, Defendant CKACT has violated and continues to violate the FLSA, including sections 206, 207, and 215.

59. Plaintiff seeks to recover for unpaid minimum and overtime wages accumulated from the date

of hire and/or from three (3) years from the date of the filing of this Complaint.

60. Defendant knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of minimum and overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

61. Defendant CKACT knew that it was required to pay its employees, including Plaintiff, for all hours worked, for both regular and overtime hours but acted with reckless disregard to its requirements under the law.

**WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendant CKACT that it has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; to be awarded the full amount of actual damages shown to be due for unpaid minimum and overtime wage compensation for Plaintiff's hours worked, with interest; an award of liquidated damages/double damages in an amount equal to the actual damages shown to be due for unpaid minimum and overtime wage compensation; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## COUNT II
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
*Against ALCIDES PARDO*

62. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-50 above.

63. This action is brought by the Plaintiff to recover from Defendant PARDO unpaid minimum and overtime wage compensation, as well as an additional amount as liquidated damages, costs, and

reasonable attorney's fees under the provisions of 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Plaintiff was a non-exempt employee of Defendant PARDO as defined by the FLSA.

65. At all times relevant to this action, Defendant PARDO was and is a corporate officer of corporate Defendant CKACT.

66. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d), in that PARDO acted directly in the interests of Defendant CKACT in relation to the employees of CKACT, including Plaintiff.

67. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

68. By failing to pay minimum and/or overtime wages, Defendant PARDO has violated and continues to violate the FLSA, including sections 206, 207, and 215.

69. Plaintiff seeks to recover for unpaid minimum and overtime wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this Complaint.

70. Defendant PARDO knew that it was required to pay its employees, including Plaintiff, for all hours worked, for both regular and overtime hours but acted with reckless disregard to its requirements under the law.

71. Defendant willfully and intentionally refused to properly pay Plaintiff wages, as required by the laws of the United States and provisions of the FLSA concerning the payment of minimum and overtime wages, and remains owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

    **WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendant PARDO that he has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for

Plaintiff's rights; to be awarded the full amount of actual damages shown to be due for unpaid minimum and overtime wage compensation for Plaintiff's hours worked, with interest; an award of liquidated damages/double damages in an amount equal to the actual damages shown to be due for unpaid minimum and overtime wage compensation; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

**COUNT III**
**Retaliation in Violation of the FLSA**
Against *CREATIVE KITCHENS & COUNTERTOPS, LLC d/b/a CKACT, LLC*

72. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-50 above.

73. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

74. Defendant's conduct, as set forth above, constitutes a violation of the FLSA's anti-retaliation provision.

75. Defendant CKACT was Plaintiff's employer as that term is defined by the FLSA.

76. Plaintiff engaged in protected activity when he objected to Defendant's unlawful wage and hour practices in violation of the FLSA and demanded proper payment of his wages, as described in part above.

77. Shortly after Plaintiff's protected activity related to the improper and/or nonpayment of his

wages, as stated in part above, Defendants subjected Plaintiff to threats, insults, and unlawful deductions to the wages owed to him for his hours worked.

78. The Defendant's conduct complained of herein was purposeful.

79. Plaintiff is a member of a protected class because he engaged in protected activity related to Defendant's unlawful practices under the FLSA and was subjected to retaliation thereafter, as related in part above.

80. There is a causal connection between the Plaintiff's protected activity and the adverse actions taken thereafter.

81. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered and will continue to suffer emotional distress, added expense, lost benefits, embarrassment, humiliation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

**WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendant CKACT that it has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; to be awarded the full amount of appropriate back pay, front pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein; enter an award against Defendant CKACT and award Plaintiff compensatory damages for personal suffering, embarrassment, loss of capacity for the enjoyment of life and other forms of emotional distress alleged herein; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## COUNT IV
## Retaliation in Violation of the FLSA
## Against ALCIDES PARDO

82. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-50 above.

83. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

84. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

85. Defendant PARDO was Plaintiff's employer as that term is defined by the FLSA.

86. Plaintiff engaged in protected activity when he objected to Defendant's unlawful wage and hour practices in violation of the FLSA and demanded proper payment of his wages, as described in part above.

87. Shortly after Plaintiff's protected activity related to the improper and/or nonpayment of his wages, as stated in part above, Defendants subjected Plaintiff to threats, insults, and unlawful deductions to the wages owed to him for his hours worked.

88. The Defendant's conduct complained of herein was purposeful.

89. Plaintiff is a member of a protected class because he engaged in protected activity related to Defendant's unlawful practices under the FLSA and was subjected to retaliation thereafter, as related in part above.

90. There is a causal connection between the Plaintiff's protected activity and the adverse actions

taken thereafter.

91. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered and will continue to suffer emotional distress, added expense, lost benefits, embarrassment, humiliation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

**WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendant PARDO that he has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; to be awarded the full amount of appropriate back pay, front pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein; enter an award against Defendant PARDO and award Plaintiff compensatory damages for personal suffering, embarrassment, loss of capacity for the enjoyment of life and other forms of emotional distress alleged herein; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

<u>**COUNT V**</u>
<u>**VIOLATIONS OF THE FLORIDA MINIMUM WAGE ACT**</u>
***Against CREATIVE KITCHENS & COUNTERTOPS, LLC d/b/a CKACT, LLC***

92. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-50 above.

93. This action is brought by the Plaintiff to recover from Defendant CKACT unpaid wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, Fla Stat. § 448.110, *et seq*.

94. At all times relevant to this action, Plaintiff was an employee of Defendant CKACT as defined

by the FMWA.

95. Plaintiff is and was entitled to be paid at least the legal minimum wage for all hours worked pursuant to the FMWA.

96. During Plaintiff's employment with Defendant CKACT, Plaintiff performed work for which he was not paid the minimum wage or any amount of money due to Defendant CKACT unlawfully withholding his pay for hours already worked, as related in part above.

97. Defendant CKACT willfully failed to pay Plaintiff minimum wage compensation for his hours worked in violation of Florida law.

98. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from four (4) years from the date of the filing of this Complaint.

99. Defendant CKACT knew that it was required to, at minimum, pay its employees, including Plaintiff, Florida's minimum wage for all hours worked, but acted with reckless disregard to its requirements under the law.

100. As a result of Defendant CKACT's intentional, willful, and unlawful acts in refusing to pay Plaintiff minimum wage compensation for his hours worked, Plaintiff has suffered damages.

101. In addition to the damages Plaintiff has suffered due to Defendant CKACT's failure to pay him for hours worked, Plaintiff has had to file this instant action and has further incurred reasonable attorneys' fees and costs.

102. As a result of Defendant CKACT's willful violation of the FMWA, Plaintiff is entitled to recover the full amount of unpaid back wages unlawfully withheld, plus the same amount as liquidated damages, as well as an award of reasonable attorneys' fees and costs. Fla Stat. § 448.110(6)(c)(1).

**WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendant CKACT that it has

violated the FMWA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; to be awarded the full amount of actual damages shown to be due for unpaid minimum wage compensation for Plaintiff's hours worked, with interest; an award of liquidated damages/double damages in an amount equal to the actual damages shown to be due for unpaid minimum wage compensation; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## COUNT VI
## VIOLATIONS OF THE FLORIDA MINIMUM WAGE ACT
### *Against ALCIDES PARDO*

103. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-50 above.

104. This action is brought by the Plaintiff to recover from Defendant PARDO unpaid wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, Fla Stat. § 448.110, *et seq*.

105. At all times relevant to this action, Plaintiff was an employee of Defendant PARDO as defined by the FMWA.

106. At all times relevant to this action, Defendant PARDO was and is a corporate officer of corporate Defendant CKACT.

107. Defendant was an employer of Plaintiff within the meaning of Florida Statutes Section 448.101, in that PARDO acted directly in the interests of Defendant CKACT in relation to the employees of CKACT, including Plaintiff, and had the authority to direct and control Plaintiff's

work performance, as well as the managerial authority to take action regarding the violation of law and/or payment of wages of which Plaintiff complains.

108. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

109. Plaintiff is and was entitled to be paid at least the legal minimum wage for all hours worked pursuant to the FMWA.

110. During Plaintiff's employment with Defendant PARDO, Plaintiff performed work for which he was not paid the minimum wage or any amount of money due to Defendant PARDO unlawfully withholding his pay for hours already worked, as related in part above.

111. Defendant PARDO willfully failed to pay Plaintiff minimum wage compensation for his hours worked in violation of Florida law.

112. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from four (4) years from the date of the filing of this Complaint.

113. Defendant PARDO knew that it was required to, at minimum, pay its employees, including Plaintiff, Florida's minimum wage for all hours worked, but acted with reckless disregard to its requirements under the law.

114. As a result of Defendant PARDO's intentional, willful, and unlawful acts in refusing to pay Plaintiff minimum wage compensation for his hours worked, Plaintiff has suffered damages.

115. In addition to the damages Plaintiff has suffered due to Defendant PARDO's failure to pay him for hours worked, Plaintiff has had to file this instant action and has further incurred reasonable attorneys' fees and costs.

116. As a result of Defendant PARDO's willful violation of the FMWA, Plaintiff is entitled to recover the full amount of unpaid back wages unlawfully withheld, plus the same amount as

liquidated damages, as well as an award of reasonable attorneys' fees and costs. Fla Stat. § 448.110(6)(c)(1).

**WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendant PARDO that it has violated the FMWA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; to be awarded the full amount of actual damages shown to be due for unpaid minimum wage compensation for Plaintiff's hours worked, with interest; an award of liquidated damages/double damages in an amount equal to the actual damages shown to be due for unpaid minimum wage compensation; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## COUNT VII
## BREACH OF AGREEMENT
### *Against All Defendants*

117. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-50 above.

118. Plaintiff and Defendants entered into agreements relating to the terms and conditions of Plaintiff's employment with Defendants, including, among other things, the payment of wages, continued employment when provided a notice period, payment of accrued vacation time and reimbursement of reasonable expenses incurred in connection with Defendants' business activities, as related in part above.

119. Plaintiff and Defendants entered an additional agreement during the relevant period of employment regarding the reimbursement of his reasonable but increased travel expenses related to Defendants assigning Plaintiff to a different location other than the one to which Plaintiff and

Defendants had agreed.

120. Plaintiff agreed to the terms of his agreements with Defendants and fully performed his duties and obligations under the agreements during the period of his employment with Defendants.

121. Defendants not only failed to properly pay Plaintiff, as alleged above, but also failed to permit Plaintiff to work through the end of the notice period, did not pay Plaintiff for his accrued vacation leave, and did not reimburse or otherwise compensate Plaintiff for his reasonable, travel-related expenses.

122. Defendants' conduct alleged herein breached the agreements between them and the Plaintiff and they remain owing Plaintiff.

123. Plaintiff suffered damages as a result of the Defendants' breaching of the parties' agreements.

**WHEREFORE**, Plaintiff seeks daamges from Defendants for breach of agreement exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Dated: March 18, 2024              Respectfully submitted:

**MORGAN & MORGAN, P.A.**

By: **/s/ Corey L. Seldin**
Corey L. Seldin, Esq.
Fla Bar No. 1026565
Email: cseldin@forthepeople.com
Phone: (954) 807-7765
8151 Peters Road, 4th Floor
Plantation, FL 33324

*Counsel for Plaintiff*